## PEOPLE *v.* HANNON.

*(Supreme Court, General Term, Third Department. February 4, 1891.)*

POLICE OFFICIALS—SALES OF LIQUOR.

Though an alderman of the city of Hudson, as a member of the common council, shares in the power of that body under Laws N. Y. 1872, c. 468, §§ 19, 27, 29, to appoint and remove policemen, he is not a police official within the meaning of Laws N. Y. 1890, c. 163, § 1, making it a crime for such officials to be interested in the manufacture and sale of spirituous liquors.

Appeal from court of sessions, Columbia county.

Indictment against Thomas F. Hannon, an alderman of the city of Hudson, for engaging in the manufacture and sale of spirituous and malt liquors, etc., while holding the office of alderman. Defendant's demurrer to the indict-

ment was overruled, and judgment of conviction rendered against him. From the order overruling demurrer, and the judgment, defendant appeals. Laws N. Y. 1872, c. 468, §§ 19, 27, 29, provide, in substance, that the aldermen of the city of Hudson shall be members of the common council, and that the common council shall appoint and remove police officers.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Mark Duntz,* (*L. F. Longley,* of counsel,) for appellant. *A. V. S. Cochran,* Dist. Atty., for the People.

MAYHAM, J. The indictment in this case is substantially in form and substance like the indictment in *People* v. *Gregg, ante,* 114, (decided at the same time,) except that in the case last cited Gregg was acting as mayor and the defendant herein is charged as acting as alderman of one of the wards in the city of Hudson. The indictment in both cases proceeds upon the theory that the accused comes within the designation in section 1, c. 163, Laws 1890, of police commissioner, police inspector, captain, sergeant, roundsman, patrolman, or other police officer, or subordinate of the police department. Section 19 and section 29 of the charter give the common council the power to appoint and remove policemen, and section 27 makes the aldermen of this city members of the common council, but none of these provisions in terms make the aldermen policemen of the city, or bring them within any of the police officials specified in chapter 163 of the Laws of 1890; and the defendant was not, therefore, required to take the oath prescribed in section 3 of that act. With that view of the case it is unnecessary for us to consider the grave constitutional question raised by the appellant on this appeal. For most of the reasons stated in the opinion in *People* v. *Gregg, supra,* which is argued by the learned district attorney with this case, we think the decision of the court of sessions overruling the demurrer and convicting the defendant applies to this case. The order overruling the demurrer and judgment of conviction and sentence on the indictment must be reversed, and the defendant must have judgment on the demurrer. All concur.